955 F.2d 42
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry Lee HOWELL, a/k/k Richard Barlow, Defendant-Appellant.
 No. 91-5641.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 21, 1991.
Decided Feb. 24, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-90-302-A)
 Robert Stanley Powell, Powell & Colton, P.C., Alexandria, Va., for appellant.
 Kenneth E. Melson, United States Attorney, Janet S. Reincke, Assistant United States Attorney, Stephen D. Kelly, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Henry Lee Howell appeals his conviction for conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846 (1988). On appeal, Howell contends that the evidence was insufficient to convict, that the prosecutor improperly vouched for the credibility of certain witnesses during closing argument, and that a mistrial should have been declared when a juror informed the court that she thought she recognized Appellant. Finding no merit in these contentions, we affirm the conviction.
 
 
 2
 We consider first the sufficiency of the evidence. A conspiracy involves an agreement between two or more persons to violate the law. United States v. Giunta, 925 F.2d 758, 764 (4th Cir.1991). To sustain a conviction for conspiracy, it is necessary to show only that the defendant knew of the purpose of the conspiracy and that he committed some act indicating his participation in the conspiracy. United States v. Collazo, 737 F.2d 1200, 1205 (4th Cir.1984), cert. denied, 469 U.S. 1105 (1985).
 
 
 3
 The evidence in this case was constitutionally sufficient to convict Appellant of conspiracy. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Two cars set out from Florida for northern Virginia on February 16, 1990. Cocaine for sale in Virginia and Maine was secreted in the spare tire of one vehicle. Appellant and another coconspirator were in a second car. The second car was dispatched to ensure that a transaction took place in northern Virginia as planned and to provide assistance should the other vehicle break down on the journey. Appellant was to return to Florida with $60,000 once the transaction was completed so that the coconspirators' Florida supplier could be paid. Appellant was to be paid for his services. These facts demonstrate that Howell both knew the purpose of the conspiracy and participated in the conspiracy. See United States v. Collazo, 732 F.2d at 1205.
 
 
 4
 Appellant maintains that the prosecutor improperly vouched for the credibility of certain government witnesses. Because no objection was made at trial, we review only for plain error. See United States v. Young, 470 U.S. 1, 6 (1985). In light of the overwhelming evidence against Howell, the comment,* while improper, did not so prejudice Howell as to require reversal. See United States v. Harrison, 716 F.2d 1050, 1051-52 (4th Cir.1983), cert. denied, 466 U.S. 972 (1984).
 
 
 5
 Finally, we discern no error in the court's denial of Appellant's motion for mistrial based on possible juror bias. Following the testimony of the first government witness, one juror sent a note to the judge stating that she thought the Appellant had visited one of her neighbors in Reston, Virginia. She said that she was unsure that she could be objective and that she was fearful of the trial's outcome.
 
 
 6
 The court conducted a bench conference. Appellant told the court that he never had been in Reston. When the juror was informed of this, she stated that she could objectively weigh the evidence and no longer was fearful. Over Appellant's objection, trial then continued.
 
 
 7
 The court's handling of this matter was entirely appropriate. Once assured that the juror could render a fair decision, the court was not bound to declare a mistrial. There is simply no merit to Appellant's contention that the juror's knowledge that Appellant never had been in Reston prejudiced Appellant in any way.
 
 
 8
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument. The conviction is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 *
 "And drug dealers are the ones who were involved in this conspiracy. And these gentlemen have come forward and they have testified. And they have testified truthfully and they have told you on the stand that they know that to testify otherwise would subject them to perjury and to obstruction of justice. They have no reason to lie to you, ladies and gentlemen."